# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

VANTICE LEE BESHEARS, JR.,

    Petitioner,

v.                                                                   Case No. 5:17-cv-465-Oc-32PRL

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et. al.,

    Respondents.

## ORDER

Petitioner, a former inmate of the Florida penal system, initiated this case on October 10, 2017, by filing a pro se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1). He is proceeding on an Amended Petition (Doc. 14). Petitioner challenges a November 29, 2016 state court (Marion County, Florida) judgment of conviction. Doc. 14.

On October 18, 2018, Petitioner filed a Notice of the Fifth District Court of Appeal for the State of Florida's opinion, which reversed his 2016 state conviction and sentence, and remanded the case to the trial court. See Doc. 15. Indeed, a review of the state court docket in Petitioner's criminal case reflects that subsequent to the initiation of this action, the Florida appellate court reversed the judgment and sentences and Petitioner was resentenced on October 11, 2018. See State v. Beshears, Jr., No. 42-2015-CF-3555 (Fla. 5th Cir. Ct.). In fact, the Florida Department of Corrections' website shows that Petitioner was released from custody on October 12,

2018, the day after Petitioner's new judgment was entered. See Corrections Offender Network, Florida Department of Corrections, available at http://www.dc.state.fl.us/AppCommon/ (last visited March 7, 2019).

Despite his release, Petitioner contends that he is under "constructive custody" for five years and wishes to proceed with this matter. Docs. 16, 18. In light of the change in the status of Petitioner's judgment of conviction and his custody, the Court directed Respondents to file a response to Petitioner's "constructive custody" argument and the Amended Petition. See Doc. 21. Respondents filed their Response confirming that the state appellate court vacated the judgment and sentence challenged in the Amended Petition. Doc. 22. As such, it is Respondents' position that the Court cannot grant Petitioner relief because the "challenged judgments and sentences no longer exist to be vacated." Id. at 10. Notably, Respondents assert that Petitioner is not in custody, constructive or otherwise, under the May 6, 2016 or November 29, 2016[1] judgments, and he is not subject to collateral consequences. Id.

"If a petitioner is released from imprisonment subsequent to his filing a habeas petition, he must establish that his petition still presents a case or controversy under Article III, § 2, of the United States Constitution." Shuler v. Warden, FCC Coleman – USP II, No. 5:12-cv-2580Oc-29PRL, 2015 WL 4606220, *2 (M.D. Fla. July 30, 2015) (citing United States Parole Comm'n v. Geraghty, 445 U.S. 388, 395–96 (1980); Mattern v. Sec'y Dep't of Corr., 494 F.3d 1282, 1285 (11th Cir.2007); Bailey v.

---

[1] A jury found Petitioner guilty on May 6, 2016, and the trial court initially sentenced Petitioner on November 29, 2016.

2

Southerland, 821 F.2d 277, 278 (5th Cir. 1987)). Once a petitioner's sentence expires, "some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." Spencer v. Kemna, 523 U.S. 1, 7 (1988).

On February 12, 2019, the Court issued an Order directing Petitioner to show cause, by February 26, 2019, as to why this case should not be dismissed as Petitioner's release from custody removes any collateral consequence of this federal habeas action. See Doc. 23. The Court advised Petitioner that his failure to show satisfactory cause by the designated deadline will result in the dismissal of this action without further notice. Id. In prosecuting this action, Petitioner is responsible for complying with this Court's Orders. As of the date of this Order, he has neither complied with the Court's Order to Show Cause (Doc. 23), explained his noncompliance, nor requested additional time to comply. Notably, Petitioner has not filed any documents since the filing of his Notice of Change of Address and Notice of Constructive Custody (Doc. 18) over 133 days ago. Given that the designated time to respond to the Court's Order to Show Cause (Doc. 23) passed on February 26, 2019, this Court concludes that the dismissal of this case is appropriate at this time.[2]

---

[2] It appears that on February 23, 2019, Petitioner was arrested for the commission of new offenses. See Marion County Sheriff's Office, Inmate Information, available at www.marionso.com (last visited March 7, 2019). Petitioner is currently in pretrial custody awaiting the disposition of these new pending charges.

3

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3. The **Clerk** shall send a copy of this Order to Petitioner at the Marion County Jail, 700 NW 30th Ave, Ocala, Florida 34475.

4. If Petitioner appeals the dismissal of this case, the Court denies a certificate of appealability.[3] Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** in Jacksonville, Florida this 7th day of March, 2019.

TIMOTHY J. CORRIGAN
United States District Judge

---

[3] The Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, the Court will deny a certificate of appealability.

Jax-7

C: Vantice Lee Beshears, Jr., #A0220073
Rebecca Rock McGuigan, Esq.